UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| CORNILIOS WOODY, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| VS. | )   No. 20-1252-JDT-cgc |
| | ) |
| ANDREW KELLEY, ET AL., | ) |
| | ) |
|    Defendants. | ) |

ORDER DISMISSING CASE,
CERTIFYING AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH,
AND NOTIFYING PLAINTIFF OF APPELLATE FILING FEE

Plaintiff Cornilios Woody, who is incarcerated at the Obion County Jail in Union City, Tennessee, filed a *pro se* civil complaint and a motion to proceed *in forma pauperis*. (ECF Nos. 1 & 2.) The Court granted leave to proceed *in forma pauperis* and assessed the civil filing fee pursuant to the Prison Litigation Reform Act, 28 U.S.C. §§ 1915(a)-(b). (ECF No. 4.)

Woody sues Union City; Agent Andrew Kelley and Investigator Ben Yates, who are identified as officers with the 27th Judicial District Drug Task Force; and Union City Police Officers Ben Burnett, Ben Rosenburry, Chuckie Moran, Brandon Adams, and Jimmy Gray. (ECF No. 1 at PageID 1, 6.) He alleges that during an arrest that occurred on December 28, 2018, the Defendant Officers subjected him to excessive force, police brutality, and "torture" after he was handcuffed and no longer a threat, causing him injury.

...

He further alleges he was denied medical treatment for his injuries. Woody contends his rights under "Article 4" and "Article 8" of the Bill of Rights were violated, by which he presumably means the Fourth and Eighth Amendments. (*Id.* at PageID 3-5.) He also alleges the Defendants' actions amounted to "negligence to follow proper guidelines and procedures," "degradation by officers sworn to protect and serve," and "negligence to provide proper medical treatment." (*Id.* at PageID 6.) Woody contends this caused him "a lot of pain and suffering and emotional distress[,] depression [and] low self esteem." (*Id.*)

Woody further alleges that Union City has a "history of policies [and] procedures and deliberate indifferences that violate[] the rights of arrestees, particularly Black men." (*Id.*) He asserts there are "critical problems with police training and [the] city's knowledge and ratification of a culture of racism and bad behavior in the police." (*Id.*) There allegedly is "a culture of excessive force," with the City failing to terminate officers who use excessive force despite prior complaints. (*Id.*) He seeks $650,000 in damages. (*Id.* at PageID 1.)

The Court is required to screen prisoner complaints and to dismiss any complaint, or any portion thereof, if the complaint—

> (1)   is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>
> (2)   seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B).

In assessing whether the complaint in this case states a claim on which relief may be granted, the standards under Fed. R. Civ. P. 12(b)(6), as stated in *Ashcroft v. Iqbal*, 556

U.S. 662, 677-79 (2009), and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007), are applied. *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). The Court accepts the complaint's "well-pleaded" factual allegations as true and then determines whether the allegations "plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681). Conclusory allegations "are not entitled to the assumption of truth," and legal conclusions "must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. Although a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), Rule 8 nevertheless requires factual allegations to make a "'showing,' rather than a blanket assertion, of entitlement to relief." *Twombly*, 550 U.S. at 555 n.3.

"*Pro se* complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). *Pro se* litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 F. App'x 608, 612, 613 (6th Cir. Jan. 31, 2011) (affirming dismissal of *pro se* complaint for failure to comply with "unique pleading requirements" and stating "a court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading'" (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975))).

Woody has submitted his claims on Standard Form 95 titled "Claim for Damage, Injury, or Death." That form is designed to be used to submit administrative claims against the United States under the Federal Tort Claims Act (FTCA) for property damage, personal

injury, or death allegedly caused by the negligence, wrongful acts, or omissions of a federal employee.  In this case, however, Woody does not identify any of the individuals he sues as federal employees.  He thus has no claim under the FTCA.

Because Woody asserts that his rights under the Fourth Amendment were violated,[1] the Court construes the complaint as having been filed pursuant to 42 U.S.C. § 1983, which provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

To state a claim under § 1983, a plaintiff must allege two elements:  (1) a deprivation of rights secured by the "Constitution and laws" of the United States (2) committed by a defendant acting under color of state law.  *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970).

In this case, Woody's factual allegations essentially enlarge on the allegations in a case he previously filed in this Court, *Woody v. Kelley, et al.*, No. 20-1124-JDT-cgc (W.D. Tenn. Oct. 5, 2020).  The Court dismissed that case because the claims are untimely:

> "Under federal law, the limitations period begins to run when a plaintiff knew or should have known of the injury that forms the basis of the claim." *Fox v. DeSoto*, 489 F.3d 227, 233 (6th Cir. 2007); *see also Jones v. Hamblen Cnty. Sheriff's Dep't*, No. 2:20-CV-78-PLR-DCP, 2020 WL 1867292, at *2

---

[1] Woody alleges he was an arrestee at the time of the incident in question.  He therefore has no claim for excessive force under the Eighth Amendment, which applies only to convicted prisoners.

> (E.D. Tenn. Apr. 14, 2020). Consequently, "[a] § 1983 claim for excessive force in effectuating an arrest accrues at the time of the arrest." *Id.* (citing *Wallace v. Kato*, 549 U.S. 384, 388 (2007) ("There can be no dispute that petitioner could have filed suit as soon as the allegedly wrongful arrest occurred . . . .")); *see also Steel v. Kelly*, No. 16-1215, 2016 WL 11618614, at *2 (6th Cir. Aug. 24, 2016) (quoting *Fox*); *Jones*, 2020 WL 1867292, at *2. Woody's claims against the Defendants for excessive force and failure to provide medical attention at the time of his arrest thus accrued on the date of that arrest, December 28, 2018. (ECF No. 1 at PageID 2.)
>
> The statute of limitations for a § 1983 action is the "state statute of limitations applicable to personal injury actions under the law of the state in which the § 1983 claim arises." *Eidson v. Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 634 (6th Cir. 2007); *see also Wallace*, 549 U.S. at 387; *Wilson v. Garcia*, 471 U.S. 261, 275-76 (1985). The limitations period for § 1983 actions arising in Tennessee is the one-year limitations provision found in Tenn. Code Ann. § 28-3-104(a)(1)(B). *Roberson v. Tennessee*, 399 F.3d 792, 794 (6th Cir. 2005). The limitations period for Woody's claims thus expired on December 28, 2019, more than five months before his complaint was filed on June 2, 2020.

No. 20-1124, Order Dismissing Case, ECF No. 7 at PageID 23-24.

For the same reasons stated in the earlier case, Woody's § 1983 claims against Union City and the individual Defendants are again barred by the one-year statute of limitations. In addition, any claims for personal injury due to negligence or other torts based on Tennessee state law are barred by the same one-year limitations period. *See* Tenn. Code Ann. § 28-3-104(a)(1)(A).

Because all of Woody's claims are untimely, the Court DISMISSES this case with prejudice in its entirety for failure to state a claim on which relief can be granted, pursuant to 28 U.S.C. §§ 1915(e)(2) (B)(ii) and 1915A(b)(1). Leave to amend is not warranted and is DENIED.

Pursuant to 28 U.S.C. § 1915(a)(3) and Federal Rule of Appellate Procedure 24(a), it is CERTIFIED that an appeal by Woody in this matter would not be taken in good faith. If Woody nevertheless chooses to file a notice of appeal, he must either pay the entire $505 appellate filing fee or submit, in compliance with 28 U.S.C. §§ 1915(a)-(b), a new *in forma pauperis* affidavit and a current copy of his inmate trust account statement for the last six months.

For analysis under 28 U.S.C. § 1915(g) of future filings, if any, by Woody, this is the second dismissal of one of his cases as frivolous or for failure to state a claim. This strike shall take effect when judgment is entered. *See Coleman v. Tollefson*, 135 S. Ct. 1759, 1763-64 (2015).

The Clerk is directed to prepare a judgment.

IT IS SO ORDERED.

                                             s/ **James D. Todd**
                                             JAMES D. TODD
                                             UNITED STATES DISTRICT JUDGE